# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 1:06-cr-080 |
| Arthur Lee Crissler, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the court is the defendant's motion to reconsider (Doc. # 37) his prior motion for disclosure of the identity of the confidential informant, as well as other information relating to the informant as spelled out in the defendant's initial moving papers.

Since the court denied the initial motion, several things have changed. First, there is an allegation, which is supported by a sworn affidavit, that an individual believed to possibly be the confidential informant was staying in the basement where the drugs were found. This may create the possibility that the confidential informant is more than a mere "tipster" as initially argued by the government.[1] Further, the government in its initial brief opposing the motion indicated that its case was based only upon what was discovered by the search. However, the court observes that the government has recently filed a disclosure of an intent to use Rule 404(b) evidence. At this point, the court does not know what the nature of that evidence is or what relationship it might have to matters relating to the confidential informant. Finally, the court observes from the briefing that the

---

[1] Another fact that may or may not have a bearing on the issues is the fact the "tipster" was in possession of a scale a the time of his arrest.

1

defendant may already be aware of the identity of the confidential informant. If that is in fact the case, the government may want to reconsider its position on this matter.

Based on the foregoing, the court believes it is now necessary to schedule a non-evidentiary argument on this matter to further discuss the merits of the motion along with whether there is a need for an evidentiary hearing of the type the Eighth Circuit required the district court to conduct in United States v. Lapsley, 263 F.3d 839 (8th Cir. 2001) (Lapsley I) and as further discussed in United States v. Lapsley, 334 F.3d 762 (8th Cir. 2003) (Lapsley II). At the argument, the parties should be prepared to discuss relevant case law applying to the particular circumstances of this case and the necessity for an evidentiary hearing. Further, both parties should be prepared to discuss the details of what must be disclosed if the court should decide to order disclosure. In particular, the parties should be prepared to address the specific requests made by the defendant in his motion document filed a docket entry # 26.

Court staff will contact the attorneys for the parties to schedule the date for the argument.

Finally, it is hereby **ORDERED** that the United States make an *in camera* disclosure to the court of the following material:

1. The identity of the confidential informant along with any police or other investigative reports in the possession of the United States that mention the confidential informant.

2. All investigative and other reports and material that the government will rely upon as Rule 404(b) evidence.

3. A detailed explanation of the likely harm that could be suffered by the informant and/or the United States if the court ordered disclosure.

This material shall be filed under seal at least one day prior to the scheduled argument for *in camera* inspection by the court without disclosure to the defendant or his counsel.

Dated this 27th day of April, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge